COLLIER *v.* CITIZENS COACH CO.

5-1977                                                      330 S. W. 2d 74

Opinion delivered December 21, 1959.

*J. Harrod Berry,* for appellant.

*Rose, Meek, House, Barron & Nash,* for appellee.

JIM JOHNSON, Associate Justice. This case involves an action for personal injuries. Appellant, Ralph Collier, was a paid passenger on a bus owned and operated by appellee, Citizens Coach Company, in the City of Little Rock. Upon boarding the bus, appellant took his seat at an open window and rested his elbow on the window sill. The elbow protruded out of the bus window about 1½ inches. As the bus started off, appellant's elbow collided with a bus stop sign on a light pole on the street corner injuring appellant. Appellant alleged his injuries resulted from negligence of the bus driver. Appellee denied negligence and alleged contributory negligence which was denied by appellant.

On the trial of the case the jury found on interrogatory that the bus driver was not guilty of any negligence proximately causing injury and judgment for appellee was entered thereon, from which comes this appeal.

For reversal, appellant urges five points. We will only discuss point two since it is highly unlikely that the other alleged errors will occur again on retrial.

Point two is as follows:

"The Trial Court prejudicially erred as follows:

"II. He gave, after jury began deliberation, an instruction defining proximate cause which was erroneous in that (1) it was not accurate; (2) it conflicted with instructions previously given and was confusing and misleading; (3) it was so worded as to excuse defendant bus company from high degree of care imposed by law and previous instructions, while at same time tending to over-emphasize and enlarge upon care required of plaintiff in order to make the bus company's negligence proximate cause, and in effect placed on plaintiff burden of proving himself free of contributory negligence, which vices were magnified by giving this instruction as an isolated instruction."

The following is verbatim *ad literatim* from the record:

"After the jury had retired to the jury room for deliberation and had deliberated for some period of time, the foreman of the jury reported to the Court that the jury would like to have the term 'proximate cause' defined. The Court, without the hearing of the jury, asked counsel for the respective parties if it was all right for the Court to so define said term to the jury. After considerable discussion, counsel for the respective parties agreed upon a definition, except counsel for plaintiff objected to it as to form and content, as given, said definition being read to the jury by the Court, as follows:

" 'You are instructed that negligence is the proximate cause of an injury only when such injury is the natural and probable result of such negligence and when in the light of attending circumstances the injury ought to have been foreseen by a person of ordinary prudence.' (Emphasis ours).

"Counsel for plaintiff then specifically objected to the giving of said definition of proximate cause, because it places undue emphasis on what would be expected of a person exercising ordinary care rather than also being adapted to the theory of the high degree of care of a cautious and prudent person being required and that this emphasis was more conspicuous by the fact that it was presented by itself."

Three of the four interrogatories submitted to the jury required the jury to know the meaning of proximate cause. The fourth interrogatory had reference to the other interrogatories. The jury, after receiving the solitary instruction on "proximate cause", again retired to the jury room for further deliberation. They returned a verdict for appellee by answering the following interrogatory No. 1 in the negative:

"Do you find from a preponderance of the evidence in the case that the bus driver was guilty of negligence in the operation of the bus and that such negligence, if any, contributed to proximately cause plaintiff's injury."

The question with which we are confronted is, was the Court's instruction on "proximate cause", which was given to the jury in this case, so erroneous as to constitute reversible error?

In attempting to define "proximate cause", the Court inadvertently added to the definition a partial definition of negligence when it was said:

". . . and when in the light of attending circumstances the injury ought to have been foreseen by a person of ordinary prudence . . ."

It should be remembered that while negligence must proximately cause a given result in order to justify a finding for the plaintiff on the allegations of the complaint; or a finding for the defendant on allegations of contributory negligence; negligence and proximate cause are two separate and independent things. Foreseeability is an element in the determination of whether a person is guilty of negligence and has nothing whatever to do with proximate cause.

Black's Law Dictionary defines "proximate cause" as:

"That which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred."

Proximate cause is inherent in every personal injury without regard to whether the injury was caused by negligence, unavoidable accident or act of God. In other words, every end result has a proximate cause but every proximate cause is not induced by negligence. When a carpenter drives a nail into a board, the striking of the nail with the hammer is the proximate cause of the nail's entering the board but no negligence is involved. In other words, proximate cause is a rule of physics and not a criterion of negligence. Therefore, as a definition of proximate cause, the Court's instruction was inherently erroneous.

It is true that this court has said many times that even though an instruction is erroneous, if it affirmatively appears that it was not prejudicial there should not be a reversal. *St. Louis & San Francisco Ry. Co. v. Crabtree,* 69 Ark. 134, 62 S. W. 64. This general rule is stated in cases collected in West's Arkansas Digest, Volume 2, "Appeal and Error", Key 1031 (6). However, after a careful examination of the record, we cannot say here that it affirmatively appears that no prejudice results to appellant.

This instruction is also confusing and misleading because in its application to the case at bar, it conveys the impression that there could be no recovery unless a person of ordinary prudence could foresee, in the light of attending circumstances, that the injury complained of would result. This might have and probably did cause the jury to conclude that the bus driver was only bound to the exercise of ordinary care. This, of course, is incorrect since it was the bus driver's duty to exercise the highest degree of care as the Court had properly stated in giving the following instruction:

"Citizens Coach Company, being a passenger bus company, owes to the passengers on its buses the duty to exercise for the safety of the passengers the highest degree of skill and care which may reasonably be expected of cautious and prudent persons employed in the operation of buses for the purpose of carrying passengers in view of the instrumentalities employed and the dangers naturally to be apprehended."

A jury of laymen could hardly be expected to distinguish the difference between a person of ordinary prudence exercising the highest degree of care, and a person of highest prudence exercising ordinary care. It is confusing to say that the standard should be that of an ordinary prudent person unless it is further said that such ordinary prudent person was bound to exercise the highest degree of skill and care "in view of the instrumentalities employed and the dangers naturally to be apprehended."

As previously indicated, the jury requested a definition of "proximate cause" and the court intermingled definitions of proximate cause and negligence in response to this request. This amounted to giving an instruction on negligence when the jury had not requested such definition.

For the reasons stated above, the cause is accordingly reversed and remanded for a new trial.

Mr. Justice J. SEABORN HOLT dissents; Mr. Justice GEORGE ROSE SMITH not participating.