HARTSOCK *v.* FORSGREN, INC.

5-2918                    365 S. W. 2d 117

Opinion delivered February 25, 1963.

168

*Sexton & Morgan,* for appellant.

*Shaw, Jones & Shaw,* for appellee.

GEORGE ROSE SMITH, J. This is an action brought by the appellant, individually and as the next friend of her minor son, Billy Avery Faulkner, to recover damages for personal injuries suffered by the child. The circuit court sustained a demurrer to the complaint and dismissed the suit. The only question is whether the plaintiff's pleading states a cause of action for negligence.

The complaint avers that the defendant, in the course of its business, maintained a large tank for the storage of tar. Despite repeated protests (presumably by the plaintiff or other neighbors), the defendant allowed the tar to spill over, so that it flowed from the defendant's premises into an area where the plaintiff's son and other members of the public were accustomed to walk and play.

On July 7, 1961, Billy Avery, then nine years old, walked into the tar to such a depth that his feet were covered up to his ankles. When the child reached his home his parents, ''upon seeing the tar on his feet and recognizing the necessity that all of the same promptly be removed therefrom, did attempt to remove the same in the most prudent and careful manner possible by taking said child into the middle of their back yard to remove said

tar by the use of gasoline, the only effective cleaning substance available at the time.'' While the parents were so engaged a second child ran into the yard and unexpectedly exploded a cap-pistol cap, creating a spark that ignited the gasoline fumes and resulted in serious burns to Billy Avery's legs.

The circuit court was right in sustaining the demurrer, for the facts do not show that the child's injuries were proximately caused by negligence on the part of the defendant. We reach this conclusion whether we devote our attention primarily to the question of negligence or to that of proximate cause. The two things, as we observed in *Hill* v. *Wilson,* 216 Ark. 179, 224 S. W. 2d 797, shade into each other. We need not now attempt to draw fine lines of distinction.

To be negligent a person must be in a position to realize that his conduct involves a hazard to others. In the *Hill* case we described a negligent act as ''one from which an ordinary prudent person in the actor's position —in the same or similar circumstances—would foresee such an appreciable risk of harm to others as to cause him not to do the act, or to do it in a more careful manner.'' Later, in *Collier* v. *Citizens Coach Co.,* 231 Ark. 489, 330 S. W. 2d 74, we added: ''Foreseeability is an element in the determination of whether a person is guilty of negligence and has nothing whatever to do with proximate cause.'' Moreover, when the voluntary acts of human beings intervene between the defendant's act and the plaintiff's injury, the problem of foreseeability is still the same: Was the third person's conduct sufficiently foreseeable to have the effect of making the defendant's act a negligent one? Harper & James, The Law of Torts, § 20.5; Rest., Torts, § 447.

This defendant, in allowing tar to overflow into an area used as a playground, could be charged with the duty of anticipating the likelihood that a child might get pitch upon his feet. But this possibility does not involve, in the language of the *Hill* case, such an appreciable risk of harm as to cause an ordinarily prudent person either not to do the act or to do it in a more careful manner.

It is a commonplace everyday occurrence for children to get tar or other harmless viscous substances upon their skin. Such matter may be, and ordinarily is, washed off without any danger whatever to the child. To hold that this defendant was under a duty to guard against the remote chance of what actually occurred in this case would be in effect to strike the element of foreseeability from the concept of negligence in such a situation and thus to impose an absolute liability upon persons handling tar and similar innocuous substances.

With respect to proximate cause the term is usually defined as a cause which, ''in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.'' *Collier* v. *Citizens Coach Co., supra; Ben M. Hogan & Co.* v. *Krug,* 234 Ark. 280, 351 S. W. 2d 451. Testing the case by this definition, it is apparent that proof of every fact alleged in the complaint would not present an issue for the jury, since the overflow of the tar did not lead in a natural and continuous sequence, unbroken by any efficient intervening cause, to the accidental igniting of gasoline fumes in the Hartsocks' backyard.

A much stronger case than this one for the imposition of liability was considered in *Pittsburgh Reduction Co.* v. *Horton,* 87 Ark. 576, 113 S. W. 647, 18 L.R.A., N.S. 905. There the defendant carelessly discarded dangerous dynamite caps in a place where they were picked up by a child. By contrast, the present appellee created a condition that was essentially harmless. In the *Horton* case we held that the action of the child's parents, in permitting him to keep the dynamite caps for a week, exempted the defendant from liability when one of the caps later exploded and injured another child. There the parents' intervening conduct was merely a passive failure to correct a hazardous situation. Here it was the appellant and her husband who actively introduced the highly dangerous and inflammable liquid that caused the injury. (Needless to say, the allegation that the parents acted in the most prudent and careful manner is a conclusion of law not admitted by demurrer. *Seubold* v.

*Fort Smith Spec. Sch. Dist.,* 218 Ark. 560, 237 S. W. 2d 884.) Upon the authority of the *Horton* case we must conclude that the appellee's conduct was not the proximate cause of the accident giving rise to this suit.

Affirmed.