LELON J. BULL, ET UX v. CARLYLE MANNING

4703                                             433 S.W. 2d 145

Opinion Delivered November 4, 1968

*Dan McCraw* and *Cain, Brigham & Hacker* for appellants.

*Wooten, Land & Matthews* for appellees.

CARLETON HARRIS, Chief Justice. This appeal relates to the trial court's action in granting a summary judgment. On June 10, 1965, around 10:30 A.M., appellants, Lelon J. Bull and wife, were stopped, or in the process of stopping, for a red traffic signal at the intersection of Bridge Street and Central Avenue in downtown Hot Springs. Appellee, Carlyle Manning, approached the same intersection, and stopped (or was in the process of stopping) behind the Bull automobile when a third car, driven by Jessie E. Chote ran into the back of the Manning vehicle, knocking it into the Bull car. Bull instituted suit against Manning, and against Chote[1]. Appellants propounded interrogatories to Manning which were answered and made a part of the record. Subsequently, appellee filed his affidavit, affidavit of the investigating officer, and affidavit of Jessie Chote, and moved for summary judgment. Bull executed a counter-affidavit, but the court, finding that appellant's affidavit did not establish negligence on the part of Manning, held that there was no substantial controversy but that appellants' damages were caused by Chote, and summary judgment was entered in favor of Manning, the complaint being dismissed as to him. From such judgment comes this appeal.

We have, of course, held that a motion for summary judgment is similar to a motion for a directed verdict, in that the testimony must be viewed in the light most favorable to the party resisting the motion, and if there is any doubt whether a factual question exists,

[1]The cause of action against Chote is not involved in this appeal, and the case against him is apparently still pending in court.

motion for summary judgment should be denied. *Van Dalsem* v. *Inman,* 238 Ark. 237, 379 S.W. 2d 261; *Kealy* v. *Lumberman's Mutual Insurance Company,* 239 Ark. 766, 394 S.W. 2d 629. However, we do not agree with appellants that the court erred in rendering this judgment.

Let it be borne in mind that the real issue between appellants and appellee is whether appellee was guilty of negligence *which was the proximate cause of appellants' damages.* This being true, let us examine the affidavits.

J. Timbs, a member of the Police Department of Hot Springs, stated that the drivers of the first and second cars, respectively Bull and Manning, told him that they were stopped in traffic waiting for other vehicles to move forward with the change of the traffic light. Timbs said that the automobile driven by Chote "did not have any brakes." Manning executed an affidavit to the effect that he stopped his car between five and ten feet behind the Bull automobile, which was also stopped waiting for the traffic light to change; he had been stopped for approximately 20 seconds when his vehicle was struck from the rear by the car driven by Chote; though his foot was on the brake at the time, the force of the impact knocked his car forward into the rear end of the Bull automobile.

Chote stated in his affidavit that he was driving his car south on Central Avenue and noticed the cars stopped in front:

"When I started to stop, I must have missed my brake, because I ran into the back of the car stopped in front of me and knocked it into the car in front of it."

Bull's affidavit set out that as he approached the stop light, he applied his brakes and was about to come

to a complete stop when he glanced in the rearview mirror and observed an automobile approaching "close behind me. Before I could come to a complete stop, the car immediately behind me crashed into my rear bumper and pushed my car several feet forward." Appellants contend that the facts enumerated present a jury question, and particularly emphasize Manning's answer to Interrogatory No. 10, where he was asked to describe how the accident happened. Appellee answered, "I had been stopped approximately 20 seconds when I was hit. I was looking ahead to watch for a change of the light when I was hit from the rear by a car driven by Jessie Chote. I was thrown up against the roof of my car and knocked into the rear of the Buick." Appellants assert that these statements constitute an admission that Manning was not watching through his rearview mirror, and that this alone should be sufficient to take the case to the jury on the question of negligence. We do not agree. There is no indication that there was anything that Manning could have done had he been watching through his rearview mirror. Certainly, in the seconds involved, he could not have pulled out of the line of traffic to avoid being hit—and he *already* had his foot on the brake. Chote stated that he saw the cars in front of him, so any signal (blowing horn) given by appellee would not have prevented the collision.

Appellants state that a jury should be allowed to determine whether appellee was too close to appellant's car. As stated in *Hartsock* v. *Forsgren, Inc.,* 236 Ark. 167, 365 S.W. 2d 117:

"To be negligent a person must be in a position to realize that his conduct involves a hazard to others. In the *Hill* case we described a negligent act as 'one from which an ordinary prudent person in the actor's position—in the same or similar circumstances—would foresee such an appreciable risk of harm to others as to cause him not to do the act, or to do it in a more careful manner.' Later,

in *Collier* v. *Citizens Coach Co.*, 231 Ark. 489, 330 S.W. 2d 74, we added: 'Foreseeability is an element in the determination of whether a person is guilty of negligence and has nothing whatever to do with proximate cause.' Moreover, when the voluntary acts of human beings intervene between the defendant's act and the plaintiff's injury, the problem of foreseeability is still the same: Was the third person's conduct sufficiently foreseeable to have the effect of making the defendant's act a negligent one?"

Can it be said that Manning, in stopping within a few feet of Bull's car, should have realized that this act constituted a hazard, because someone might run into his car and knock him into the front car? To paraphrase *Hartsock*, "Was Chote's conduct sufficiently foreseeable to have the effect of making Manning's act a negligent one? We think the answer is an obvious "No"—but even if the answer were otherwise, appellants would still be confronted with the problem of proximate cause. Proximate cause is defined as a "cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred." AMI 501. See also *Collier* v. *Citizens Coach Company*, 231 Ark. 489, 330 S.W. 2d 74.

In determining the *proximate cause* of the accident, we of course, take into consideration all of the affidavits. When this is done, it becomes quite clear that the *proximate cause* of any damages suffered by Bull, was the fact that Chote either had no stopping power in his brakes, or did not apply his brakes. That he did not use them is admitted in his affidavit. Would the Manning vehicle have struck the Bull vehicle if Mr. Chote had not driven up behind them, irrespective of the distance mentioned as separating the Manning and Bull automobiles? We think the question can quickly be answered, "No." The affidavits reflect that the Chote car struck the Manning car with great force, the engine

in appellee's car being knocked forward and off the motor mount, the body of the car crimped, the front doors thrown open (and wouldn't shut), and the rear doors jammed to the extent that they would not open. The tail pipe was driven through the muffler, and the rear bumper was knocked loose and down. In fact, it would appear that the presence of the Manning car probably saved the Bull car, and occupants, from greater damage, since it acted as a cushion between Bull and the on-rushing Chote automobile.

There was no error in granting the motion for summary judgment.

Affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice. I concur in the result and the fundamental proposition that there is a total lack of evidence to make a jury question on negligence of Manning as a proximate cause of the collision. I disagree with the approach to this principle because I think that the majority have weighed the affidavits and determined that the Manning vehicle had stopped behind the Bull vehicle before the collision. The majority seem to have assumed that Manning's stopping within a few feet of Bull's car was the only negligence which could have been found from the affidavits. Since both the trial court and this court must resolve all doubts in favor of the party against whom a summary judgment would be rendered and draw all inferences in question in favor of that party, I think we must accept the Bull affidavit at face value. In that affidavit, appellant Bull states that as he approached a vehicle stopped at the stop light, he glanced in his rear view mirror and observed an automobile approaching close behind him, and this automobile crashed into his rear bumper before he could come to a complete stop and pushed his car several feet forward. But even conceding that this is

true, there is nothing in any of the affidavits or answers to interrogatories to indicate that there was ever more than one impact to the rear of the Bull vehicle. The affidavit of Chote that he ran into the back of the car in front of him and knocked it into the car in front of it is a clear indication that Chote's action was the cause of Manning's vehicle striking the Bull car. Consequently, any negligence of Manning in following the Bull vehicle too closely or failing to keep a proper lookout could not have been the proximate cause of the damages to appellants.