SOUTHWESTERN BELL TELEPHONE COMPANY
*v.* CHARLES MICHAEL THOMPSON, BY HIS
FATHER AND NEXT FRIEND, FRANKLIN THOMPSON

5-6032                                          485 S.W. 2d 222

Opinion delivered October 9, 1972

*Donald K. King, Ronald T. LeMay* and *Charles G. Hollis, for appellant.*

*Mathis & Sanders,* for appellee.

CONLEY BYRD, Justice. At issue between appellant Southwestern Bell Telephone Company and appellee Charles Michael Thompson by his father and next friend, Franklin Thompson, is whether a trench dug across the yard of Michael's grandparents was a proximate cause of the injuries he received when he fell over the grandparent's dog. The trial court denied a motion for a directed

verdict. From a $5,000 judgment on a jury verdict, the telephone company brings this appeal raising only the one issue.

The undisputed facts show that the telephone company buried a telephone service line in the grandparent's yard through the use of a ditch digger. The trench as originally dug was about four inches wide and eighteen inches deep. The ditch was filled with loose dirt after the telephone line was laid. As a result of the weather the loose dirt sank, according to some witnesses, from two to three inches and according to Michael's grandmother as much as twelve inches in one place.

The sole testimony on the proximate cause issue was established by Michael, a first grader in school. He stated that he was playing with his grandmother's dog. His verbatim testimony is as follows:

"Q. And what were you doing with the dog?

A. I was throwing sticks, and he went to get them.

Q. Would he bring them back to you?

A. No.

Q. Would he go to the sticks after you threw them?

A. Yes.

Q. And then what would you do?

A. I would go after it.

Q. How did you hurt yourself out there on the day in question?

A. I fell over the dog into that hole.

Q. Into what hole, son?

A. The one that went across the front yard.

Q. How big was it? Or let me ask you how long was it, do you know?

A. Uh-uh.

Q. Was it a little short place, or a long place?

A. A long place.

Q. Did you say you fell over the dog?

A. Yes.

Q. And into the ditch?

A. Yes.

Q. What part of your body went into the ditch?

A. My arm.

Q. Which arm was that?

A. My left.

Q. Your left? Did your left arm get hurt when you fell into the ditch?

A. Yes.

Q. What part of your arm was hurt?

A. The elbow."

The standard definition of "proximate cause" is that it is a cause "...which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred." See A.M.I. 501. In *Collier* v. *Citizens Coach Co.,* 231 Ark. 489, 330 S.W. 2d 74 (1959), it was pointed out that proximate cause is a rule of physics and not a criterion of negligence. In so stating we held that forseeability had nothing whatever to do with proximate cause.

Thus, if we assume that the telephone company by its failure to properly fill the trench was negligent toward persons using the lawn, we must also find that evidence showing that negligence caused the injuries to Michael's elbow. On this issue, we are left, under the record, only to speculation as to the cause and effect of Michael's broken arm. There is no evidence to show that the fall over the dog would not have been as disastrous had Michael fallen in some other place in the yard.

· Perhaps the deficiency in the proof here can best be demonstrated by an analogy to a child falling out of a tree on to a loaded pistol. If we should assume that a person was negligent in leaving a loaded pistol in the yard where children play, before the child could recover against the person leaving the pistol in the yard, he would have to show that the injuries sustained in a fall were different from the injuries he would have received in falling on a toy pistol. Until such proof was made, there could be no evidence upon which it could be said that the negligence in leaving the loaded pistol in the yard produced the injuries received. Likewise in the case at bar, there is no evidence to show how the sunken trench, "in a natural and continuous sequence," produced Michael's broken arm.

Reversed and remanded for a new trial. See *St. Louis Southwestern Railway Co.* v. *Clemons,* 242 Ark. 707, 415 S.W. 2d 332 (1967).