Wilburn BOWIE *v.* MISSOURI PACIFIC RAILROAD CO. and J. D. KING

77-184                                        561 S.W. 2d 314

Opinion delivered February 13, 1978
(Division II)

*Guy H. Jones, Phil Stratton, Guy Jones, Jr.,* and *Casey Jones,* by: *Phil Stratton,* for appellant.

*Herschel H. Friday* and *Frederick S. Ursery,* by: *Frederick S. Ursery,* for appellees.

CONLEY BYRD, Justice. Appellant, Wilburn Bowie brought this action against appellees Missouri Pacific Railroad Co. and its employee, J. D. King, for injuries appellant allegedly suffered to his back on February 14, 1975, while walking along the State Highway # 60 railroad crossing in Conway, Arkansas. After the close of appellant's evidence, the trial court directed a verdict in favor of the railroad. For reversal appellant contends:

> "There is substantial direct evidence, when viewed in a light most favorable to Appellant and when given its highest probative value, that (1) Appellees were negligent in permitting the dangerous substance to remain upon the surface of the pedestrian walkway. The evidence is abundantly clear that the substance on the pedestrian walkway was the proximate cause of Appellant's injury. There is strong probative circumstantial evidence that the harmful substance was placed on the pedestrian walkway by Appellee's train of freight cars and allowed to remain there in violation of law. This evidence is clearly shown by the color

photographs, Plaintiff's Exhibit 2 below.

Ark. Stat. (1967 Repl.) § 75-805 prohibits the spilling of loads on highways of this State. And § 75-657 prohibits the deposit on a highway of any substance likely to injure any person. AMI Instructions 601 and 903 each provide that violation of a statute is evidence of negligence. There is strong probative circumstantial evidence that the substance which injured Appellant was deposited upon a highway by Appellee Missouri Pacific Railroad. Section 75-657 (b) required Appellee Missouri Pacific Railroad to immediately remove the substance or cause it to be removed."

Appellant, who was drawing Social Security disability benefits and had a history of back problems, testified that he was walking on the south side of the crossing and that he did not look at the crossing before he slipped on it. The traffic was heavy and he was watching the traffic when he crossed. The pedestrian crossing was on the north side of the crossing. His foot made a skid mark in the substance when he slipped. He described the substance as a by-product of soy bean meal. It looked as though it came from a railroad car which leaked on the track and crossing. He described the substance as being wet when he stepped on it with a color that blended into the cross ties or boards. He stated that there had been a shower earlier in the morning and that he was crossing at noon.

Phillip Moix, a professional photographer, described the substance as "a yellow substance similar to feed." At the time he took the pictures, part of the substance was wet and part was dry. The wet part was more of a yellow color than the dry part.

J. D. King, an employee of the railroad, stated that there was a patrol over the track at the crossing during the day.

Ark. Stat. Ann. § 75-657 (Repl. 1957), affords no relief to appellant because there is no showing that the substance was "any glass bottle, glass, nails, tacks, wire, cans or any other substance likely to injure any person, animal or vehicle upon such highway." Neither was there a showing that the

substance was "destructive or injurious material" which any person would be required to remove.

Neither can appellant rely upon Ark. Stat. Ann. § 75-805 (Repl. 1957) [Acts 1937, No. 300, § 143], which provides: "No vehicle shall be driven or moved on any highway unless such vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking or otherwise escaping therefrom." By the definition of "vehicle," Ark. Stat. Ann. § 75-402 (Repl. 1957), [Acts 1937, No. 300, § 2] "devices . . . used exclusively upon stationary rails or tracks" are excepted from the term "vehicle."

Finally appellant, relying upon Restatement of Torts § 367, contends that the railroad by maintaining the crossing as a part of State Highway # 60 is subject to liability for bodily harm caused to others by its failure to exercise reasonable care to maintain the crossing in a reasonably safe condition. Here, however, appellant is met with the proposition that before a person can be shown to be negligent it must be shown that the person to be charged is in a position to realize that his conduct involves a hazard to others, *Hartsock v. Forsgren, Inc.*, 236 Ark. 167, 365 S.W. 2d 117 (1963). In other words, negligence is conduct which falls below the standard established by law for the protection of others against unreasonable harm — *i.e.* it necessarily involves a foreseeable risk, a threatened danger of injury, and conduct unreasonable in proportion to the danger. If we assume that appellant proved, by circumstantial evidence, that the railroad dropped or spilled the yellow substance on the crossing, the evidence fails to show that an ordinary prudent person would foresee an appreciable risk of harm to others. For all that the proof shows the substance in question is no different from the clay that often drops from vehicles in a rural community when crossing a railroad track during the winter months.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HOLT, JJ.