STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY *v.* Marion PHARR, Individually, and as
Administratrix of the Estate of Bryan Bain Chadwick

90-202                                          808 S.W.2d 769

Supreme Court of Arkansas
Opinion delivered May 13, 1991
[Rehearing denied June 10, 1991.]

460

*Boswell, Tucker & Brewster,* by: *Ted Boswell,* for appellant.

*Bill R. Holloway, Murray F. Armstrong,* and *John P. Lewis,* for appellees.

DONALD L. CORBIN, Justice. Appellant, State Farm Mutual Automobile Insurance Company, appeals a judgment filed December 27, 1989, in Drew County Circuit Court in favor of appellee, Marion Pharr. Appellant makes only one assignment of error, that being the court erred in denying its motion for directed verdict. We find no error and affirm.

On the afternoon of November 3, 1987, fourteen-year-old Bryan Bain Chadwick, a student in the Monticello School District, was transported from school to the vicinity of his home in a school bus owned by the District and driven by Sheila Herron, a substitute driver. The bus was headed east on Arkansas State Highway 4. Bryan's home is located on the north side of the

highway, making it necessary for Bryan to cross the highway after leaving the bus. There is contradictory evidence as to where Bryan was let off the bus that day. Stephan Chadwick and Bryan Lee Pharr, decedent's brother and step-brother, respectively, both saw the bus stop and Bryan get off. Both boys testified that the bus stopped across from the driveway to the house west of theirs instead of across from their driveway, as was the usual practice. The neighbor's driveway is approximately seventy-five feet west of their driveway.

Upon exiting the bus, rather than crossing the highway in front of the bus, Bryan remained on the south side of the highway and walked to his family's mailbox to get the mail. The mailbox is located on the south side of the highway and opposite the driveway to Bryan's home. Although the length of time is disputed, the bus driver waited some short period after Bryan exited the bus before turning off the safety devices and proceeding down the highway in the same easterly direction. The cars that had been stopped behind the bus when Bryan got off followed. When all these cars passed, Bryan attempted to cross the highway, apparently unaware that a log truck was approaching from the east. The truck, driven by Adrian Dewitt Thompson, hit Bryan, resulting in Bryan's death.

Appellee, both individually and as administratrix of the estate of Bryan Bain Chadwick, deceased, brought this wrongful death action against appellant as insurance carrier of the Monticello School District, pursuant to Ark. Code Ann. § 23-79-210 (1987). A jury trial was held December 7, 1989. The jury, returning a verdict on interrogatories, found there were acts of negligence on the part of both the Monticello School District and Bryan Chadwick which were the proximate causes of Bryan's death; the jury found no negligence on the part of Adrian Thompson. The jury apportioned responsibility between the Monticello School District and Bryan Chadwick as ninety (90) percent and ten (10) percent, respectively.

On appeal, appellant's only assignment of error is that, as the evidence introduced failed to show that Bryan Chadwick's death was proximately caused by the negligence of the Monticello School District or its employee, the trial court erred in not granting its motions for a directed verdict.

■■ In reviewing the denial of a motion for a directed verdict, we examine the evidence in the light most favorable to the party against whom the motion is sought, giving the evidence its highest probative value and taking into account all reasonable inferences therefrom. *St. Louis Southwestern Ry.* v. *White*, 302 Ark. 193, 788 S.W.2d 483 (1990). If there is any conflict in the evidence or the evidence is not in dispute but is in such a state that fair-minded men might draw different conclusions therefrom, a jury question is presented. *Moore Ford Co.* v. *Smith*, 270 Ark. 340, 604 S.W.2d 943 (1980). We affirm if there is any evidence sufficient to warrant the verdict. *Catlett* v. *Stewart*, 304 Ark. 637, 804 S.W.2d 699 (1991). This court, in *Collier* v. *Citizens Coach Co.*, 231 Ark. 489, 330 S.W.2d 74 (1959), defined proximate cause as being " '[t]hat which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.' " *Id.* at 492, 330 S.W.2d at 76. In support of its assignment of error, appellant contends that in addition to the negligence of Bryan Chadwick in crossing the highway, Adrian Thompson's operation of the log truck was the efficient intervening cause which resulted in Bryan Chadwick's death. We disagree.

■ The question of intervening efficient cause is simply whether it is the original act of negligence or an independent intervening cause that is the proximate cause of an injury; this is a question for the jury. *Nationwide Rentals Co.* v. *Carter*, 298 Ark. 97, 765 S.W.2d 931 (1989). Although proximate cause is the efficient and responsible cause, it need not be the last or nearest one. *Larson Machine, Inc.* v. *Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980). The original act or omission is not eliminated as a proximate cause by an intervening cause unless the latter is in itself sufficient to stand as the cause of the injury. *Hill Constr. Co.* v. *Bragg*, 291 Ark. 382, 725 S.W.2d 538 (1987). The intervening cause must be such that the injury would not have been suffered except for the act, conduct, or effect of the intervening cause totally independent of the acts or omissions constituting the primary negligence. *Id.* The mere fact that other causes intervene between the original act of negligence and the injury for which recovery is sought is not sufficient to relieve the original actor of liability if the injury is the natural and probable consequence of

the original negligent act or omission and is such as might reasonably have been foreseen as probable. *Larson, supra.*

The question of foreseeability is material in considering the issue presented here. In *Larson Machine, Inc.* v. *Wallace,* 268 Ark. 192, 600 S.W.2d 1 (1980), we took the following position regarding foreseeability:

> [I]n no case is the connection between an original act of negligence and an injury broken by an intervening act of negligence of another if a person of ordinary sagacity and experience, acquainted with all the circumstances, could have reasonably anticipated that the intervening event might, not improbably, but in the natural and ordinary course of things, follow his act of negligence or if the misconduct is of a character which, according to the usual experience of mankind, is calculated to invite or induce the intervention of some subsequent cause, an intervening cause will not excuse the original misconduct but will be held to be the result of it, and that the original act or omission will not be considered too remote to be a proximate cause if, according to the usual experience of mankind, the result ought to have been apprehended; and that the test is in the probably injurious consequences which were to be anticipated, not in the subsequent event and agencies which might arise. [Citations omitted.] The intervening act or omission of a third person is not a superseding cause when the original actor's negligent conduct is a substantial factor in bringing about an injury, if the actor, at the time of his negligent conduct realized that a third person might so act or if the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent. [Citation omitted.]

*Id.* at 210-11, 600 S.W.2d at 10-11. We see no reason to abandon this position now.

The evidence established that on the day of the incident the school bus stopped for Bryan Chadwick to get off at a point some distance from that which it ordinarily stopped. Although the length of time the bus waited for Bryan to cross the highway was disputed, without question the bus disengaged its

safety devices and drove away while Bryan was still on the side of the highway opposite his house.

Appellee offered into evidence as Plaintiff's Exhibit No. 5 the Arkansas Department of Education School Bus Drivers' Handbook. The section entitled "the afternoon trip" describes the routine to be followed in transporting and unloading children at their respective homes. This section explicitly states, "[t]he bus should not be moved until children have crossed the road." Appellee also offered as its Exhibit No. 5 the Monticello School District Transportation Policies, which includes ten instances of when a school bus driver "could be ruled liable or negligible." One of those instances is for failure to properly supervise pupils crossing in front of the bus. Clearly, these policies and regulations are adopted in an effort to avoid incidents such as the one giving rise to this law suit. In that such incidents are sought to be avoided, it is obvious they are foreseeable.

Viewing the evidence in the light most favorable to appellee, we believe that not only was Bryan Chadwick's being struck by another vehicle while attempting to cross the highway to his home after the school bus drove away a reasonably foreseeable occurrence, but also the evidence was sufficient to warrant the verdict.

Appellant also contends that the time lapse between Bryan Chadwick's departing the bus and his attempting to cross the road, together with his actions during that lapse, constitute a break in the "natural and continuous sequence" required for a finding of proximate cause. Appellant relies on *Kapp* v. *Sullivan Chevrolet Co.*, 234 Ark. 395, 353 S.W.2d 5 (1962), in arguing that, because of this obvious break in the continuous chain of events, the jury had to rely upon conjecture and speculation in finding that the alleged negligence on the part of the Monticello School District, or its employee, proximately caused the death of Bryan Chadwick.

In *Kapp*, *supra*, the appellant was injured in a car accident. She filed suit against the appellee alleging different acts of negligence involving the installation of seat belts in the car in which she was a passenger when the accident occurred. This court posed questions as to when or why the belt broke, and whether, except for the breaking of the belt, appellant would not have been injured. The court noted that no proof was presented on either

issue. In addressing its own questions, the court stated, "[o]nly with guess and speculation could any one hazard an answer to those questions. Proximate causation here is left wholly within the field of conjecture and speculation. Many things must be assumed, and inference must here be piled upon inference to hold that plaintiff made a submissible case." *Id.* at 418, 353 S.W.2d at 18.

The case at bar is distinguishable from *Kapp*, *supra*, in that, as stated previously, there was evidence presented from which the jury could find proximate cause, as was required for the verdict. A review of this evidence reveals that no speculation or conjecture is required to arrive at the conclusion that the negligence on the part of the Monticello School District, or its employee, proximately caused the death of Bryan Chadwick.

Affirmed.

GLAZE and BROWN, JJ., concur.