KELLY, Circuit Judge,
dissenting.
This case asks us to make a very close call. I agree with the court that door status indicators or further instruction of the Amtrak crew would not have prevented Andrew Haukereid’s death. Therefore, Haukereid’s case rests on proving.a breach of Amtrak’s duty to better secure the exit doors, and a showing that the lack of additional door safety features proximately caused Andrew to exit the train.
The court holds that, as in Donnelly, the “failure to lock the door could not have opened the door,” and that “[a]nyone lifting the latch on the exit door would have served as an ‘efficient intervening cause’ in the process.” 16 F.3d at 945. The court rejects Haukereid’s attempt to distinguish Donnelly first because it believes that a finding that Andrew was cognitively impaired along with the lack of evidence of who opened the door requires the jury to “indulge presumption upon presumption” to find that the opening of the door was unintentional. In my view, however, this case is distinguishable from Donnelly on its facts. There was no evidence in Donnelly that the decedent was confused, and no evidence to narrow down the possible ways of exiting the train. Donnelly, 16 F.3d at 945. In fact, we stated there that “[t]he circumstances surrounding [the decedent’s] exit from the train are wholly unknown to the parties,” and that it was “equally probable that [the decedent] voluntarily exited the train or that someone pushed [the' decedent] out of the train.” Id. Other instances where Amtrak has avoided liability are similarly sparse on facts. See, e.g., Harris v. Nat’l Pass. R.R. Corp., 79 F.Supp.2d 673 (E.D.Tex.1999).
Here, by contrast, the court has established that suicide, homicide, and a window exit were not' equally probable scenarios. I agree that “there is evidence in the record which could support Haukereid’s theory that Andrew, accidentally fell out of the train’s side exit door.” Ante at 532. Moreover,, there is. also evidence that Haukereid was cognitively impaired, not just a presumption. Haukereid’s interactions with the crew—repeatedly asking them where he was in a manner that showed he was not fully aware of place or .the passage of time—indicate confusion. There is evidence in the record to show that he got up to use the restroom each *535 night around the time that he was seen in the train hallway. Passenger Bobbie Thomas described Andrew’s behavior as odd and felt his mind was elsewhere. An-, drew’s domestic. companion also feared that Andrew was developing memory loss and possible.dementia. ;
The court recognizes that the parties dispute whether Andrew was cognitively impaired. But the evidence given that he was not impaired—that he had not been diagnosed with dementia or Alzheimer’s and that an urgent care doctor had checked a box indicating normal mood while examining Andrew for jaw pain—-is hardly conclusive evidence that Andrew did not suffer from some mental deficits. While the jury must “not be left to speculation and conjecture in deciding between two equally probable possibilities ... it is not necessary that the¡ evidence exclude every other- reasonable hypothesis. It -is only necessary that there be evidence that would tend to eliminate such other causes as may fairly arise from the evidence,” and reasonable inferences may be drawn from circumstantial evidence. St.Louis Southwestern Ry. Co. v. Pennington, 261 Ark. 650, 553 S.W.2d 436, 441-42 (1977) (in banc). Taking these facts in the light most favorable to Andrew, I believe there are enough, facts to prevent the jury from having to “indulge presumption upon presumption to establish” that Andrew was impaired and the opening of the door was unintentional. Glidewell v. Arkhola Sand & Gravel Co., 212 Ark. 838, 208 S.W.2d 4, 8 (1948).
The court also holds that the proximate cause analysis in Donnelly was not limited to the mental state of whoever lifted the door latch. In my view, if Andrew did not intentionally open the door, then his action of opening it would not amount to an efficient intervening -cause under Arkansas’s proximate cause standard. If-Andrew was impaired, then the reason he opened the train’s emergency door was because he could. If such was the case, I do not believe Andrew “affirmatively operated the door,” and Amtrak’s failure to better secure the door may be found to have proximately caused Andrew’s death.
“[P]roximate causation is usually a question of fact for a jury.” Neal v. Sparks Regional Med. Ctr., 2012 Ark. 328, 422 S.W.3d 116, 121 (2012). In Arkansas, “[t]he mere fact that other causes intervene between the original aet of negligence and the injury for which recovery is sought is not sufficient to relieve the original actor of liability if the injury .is the natural and probable consequence of the original negligent act or omission and is such as might reasonably have been foreseen as probable.” Stecker v. First Commercial Trust Co., 331 Ark. 452, 962 S.W.2d 792, 796 (1998) (jury question on proximate causation where doctor failed to report possible child abuse and child was subsequently harmed again). “[Wjhen the voluntary acts of human beings; intervene between the defendant’s act and the plaintiffs injury, the problem of foreseeability is still the same: Was the third person’s conduct sufficiently foreseeable to .have,the effect of making the defendant’s act a negligent one?” Hartsock v. Forsgren, Inc., 236 Ark. 167, 365 S.W.2d 117, 118 (1963) (citing Harper & James, The Law of Torts, § 20.5; Rest., Torts, § 447).
The court acknowledges that Amtrak knew that over its 45 year history, 76 people have exited moving trains between stops, and at least 29 of those individuals were confuséd. Amtrak also had knowledge, through experience and previous tort claims alleged against it, that the emergency door from which Andrew most likely exited was fairly easy to open, even when the person opening it is confused. It was secured only by a simple dog latch in the" top right hand corner of the door. Once the dog latch is open, the door may be *536 opened by pushing down on the door handle. Making the door- harder to open would likely have “cause[d] [Andrew] not to do the act” of walking off the train. Id. There was enough historical evidence of similar incidents to conclude that Amtrak may have breached a duty to Andrew, and that evidence likewise presents a jury question on proximate cause.
Tort plaintiffs who are confused or disoriented have escaped summary-judgment or adverse jury verdicts on negligence claims even where they took the final action before their accidents. See, e.g., Northrup v. Archbishop Bergan Mercy Hosp., 575 F.2d 605, 606-08 (8th Cir.1978) (district court did not err in refusing to reverse jury verdict for plaintiff where confused decedent fell after hanging from' ledge outside of unsealed hospital window) see also Williams v. Melby, 699 P.2d 723, 725, 728-29 (Utah 1985) (reversal of summary judgment' for defendant where plaintiff had arranged- furniture in dangerous fashion and then fell through' bedroom window while disoriented). Moreover, in cases regarding unwitnessed train exits, there seems to be an important difference between circumstances that “are wholly unknown to the parties,” Donnelly, 16 F.3d at 945, and a circumstance in which there is evidence of confusion; See, e.g., Harris v. Nat’l Pass. R.R. Corp., 79 F.Supp.2d 673, 678 (E.D.Tex.1999) (“Unlike the present case, there was evidence [in the Kilsgaard case, where the court found plaintiffs death was proximately caused by Amtrak,] that the victim might have been disoriented and mentally confused because of his propensity towards epileptic seizures. Here, there is no evidence that either Harris or Gust were confused, disoriented, or disabled in any way so that they confused the vestibule door for another door.”).
If the jury could find that- Andrew was in fact impaired and that his unwitting exit through the emergency side door was the- .most likely of circumstances, they could also find that Amtrak proximately caused his fall. To state otherwise would suggest that no plaintiff may ever succeed in proving a negligence case against a common carrier where the decedent’s exit goes unwitnessed or where someone other than an Amtrak employee opens the door or window from which the decedent falls—even where the defendant has breached- a duty to the plaintiff, I do not believe such a suggestion is warranted. The district court found a dispute of-material fact on whether-Amtrak had breached a duty to Andrew, in large part based on his advanced age and the evidence of his confusion. That evidence should also be available to the jury to, draw “reasonable inferences” concerning proximate causation. While I believe this is a close case, on balance, I would conclude that Hauker-eid has created a dispute on a genuine issue of material fact concerning causation. I respectfully dissent.