The trial court discussed a case from the state of Washington, Cook v. Seidenverg , 36 Wash.2d 256, 217 P.2d 799 (1950), which had a remarkably similar factual setting. The Cook court concluded the landlords could not have foreseen that if they failed to provide adequate heat, the tenants would sustain injuries from the use of space heaters. The Cook case is obviously not controlling, but the facts are so similar that it provides a helpful analogy. Even though the opinion was primarily premised on a lack of proximate cause, the Washington court explained the role "foreseeability" has in that analysis:
By "intervening act or force" we are not referring to the mere act of the mother in obtaining and utilizing a portable electric heater. That act may well be regarded as part of a natural and continuous sequence resulting from respondents' failure to provide heat. But we know that there must have been some additional and further act or force in operation here, since the normal use of such electrical appliances rarely results in accidents of this kind. The pleadings are silent as to exactly how the accident occurred, and so we are not informed as to the precise nature of the intervening act or force. But we do know that it must have been due either to the negligence of the mother in placing the heater in a position of danger, or in knowingly using a defective heater, or in failing to supervise the child's use of the heater; or the act of the child, independent of any negligence, in coming in too close proximity to the heater; or a latent defect in the heater which caused the child's clothes to ignite; or some other intervening circumstance of like nature.
In our opinion, any of these circumstances must, under the facts of this case, be held to constitute a superseding cause of harm within the meaning of that term as defined above. Instances of negligence in the use of such portable heaters with resulting injuries of the kind suffered here, are relatively infrequent. Cases where the use of such heaters results in such injuries independent of any act of negligence are even more rare. Accordingly, respondents are not chargeable with foreseeing that, if they failed to provide adequate heat, injuries resulting from the negligence of tenants in using such heaters, or resulting from other forces independent of negligence, would occur.
Where such intervening act or force is not reasonably foreseeable, it must be regarded as a superseding cause negating the claim of proximate or legal cause.
Cook , 217 P.2d at 263-64.
The appellate court in Cook assumed the landlord had an obligation independent *269 of the city ordinance to furnish a reasonable amount of heat; that the landlord failed to do so; and that the failure constituted negligence.[1] With respect to whether that negligence was the proximate or legal cause of the injury, however, the opinion concluded the negligence was not a proximate cause of the injury and therefore could not provide a basis for landlord liability. The opinion further explained that considerations of justice and public policy require that a certain degree of proximity exist between the act done or omitted and the harm sustained before legal liability may be predicated upon the "cause" in question. It is only when this necessary degree of proximity is present that the cause, in fact, becomes a legal, or proximate, cause; that cause which, in a natural and continuous sequence unbroken by any new, independent cause, produces the event, and without which that event would not have occurred. The Cook court concluded that the injuries in question were the result of an intervening act or force constituting a new cause independent of respondents' act of negligence.
Similarly, here the landlords acknowledged it was foreseeable Barbara might buy a space heater when the heating system did not work. It does not follow, however, that it was also foreseeable Barbara's grandchild would suffer burn injuries from the use of such space heaters. To constitute negligence, an act must be one from which a reasonably careful person would foresee such an appreciable risk of harm to others as to cause the person not to do the act or to do it in a more careful manner. Coca-Cola Bottling Co. v. Gill , 352 Ark. 240, 100 S.W.3d 715 (2003). A defendant is under no duty to guard against risks it cannot reasonably foresee. Id. Harm that is merely possible is not necessarily reasonably foreseeable. Id. Foreseeability is an element in the determination of whether a person is liable for negligence and has nothing whatsoever to do with proximate cause. Hartsock v. Forsgren, Inc. , 236 Ark. 167, 365 S.W.2d 117 (1963). "Moreover, when the voluntary acts of human beings intervene between the defendant's act and the plaintiff's injury, the problem of foreseeability is still the same: Was the third person's conduct sufficiently foreseeable to have the effect of making the defendant's act a negligent one?" Id. at 169, 365 S.W.2d at 118. Without foreseeability, the element of proximate cause is negated. See Cook , supra .
Here, reasonable minds could not reach a different conclusion about the lack of foreseeability under the facts of this case. We therefore agree with the trial court that no genuine issues of material fact exist in this case and that the landlords are entitled to judgment as a matter of law.
Affirmed.
Gruber, C.J., and Murphy, J., agree.

Here, again, the landlords did not dispute their duty to provide heat for purposes of the summary judgment.