ELLSWORTH BROTHERS TRUCK LINES, INC., ET AL V.
MILDRED CANADY, ET AL

5-4767 437 S.W. 2d 243

Opinion Delivered January 27, 1969
[Rehearing denied March 10, 1969.]

1056

Gordon, Gordon & Eddy and Rose, Meek, House, Barron, Nash & Williamson for appellants.

Felver A. Rowell Jr. for appellees.

Frank Holt, Justice. Appellees brought suit for the recovery of damages alleged to have been sustained when a tractor-trailer, owned by appellant Ellsworth Brothers Truck Lines, Inc. and driven by an employee, struck the rear of the automobile in which appellees were riding as passengers. Appellees' separate complaints were consolidated for trial. The jury returned a verdict in favor of appellees and this appeal comes from a judgment on that verdict.

Appellants assert several grounds for reversal, one being there was no substantial evidence that any negligence on the part of appellant driver proximately caused the injuries alleged by the appellees. Since we agree with appellants on this point, it is unnecessary to discuss the others.

The accident occurred in the early hours of the morning. It was dark and raining. Appellant's employee was driving a tractor-trailer and following appellees, who were passengers in an automobile driven by Willie Jean Heaggan. After entering a curve, the Heaggan automobile, going 45 or 50 miles per hour, began to slide, went off the highway into a ditch on the

righthand side of the road, and came to a complete stop about 5 feet off of the paved portion of the highway up against a ditch embankment. Appellant's driver was traveling 40 to 45 miles per hour some 200 or 300 feet behind the Heaggan car, saw it go out of control, touched his brakes and shifted down to 9th gear. While his attention was centered on the car in which appellees were riding, an oncoming car struck the left rear tandem wheels of the trailer. The impact severed the air line, causing the brakes on appellant's truck to lock. The right wheels of the trailer went off the pavement, leaving 83 feet of skid marks. Appellant's vehicle came to rest with the right rear tractor tire against the left corner of the rear bumper of the Heaggan vehicle. Of the three taillights on the left rear side of the car, only the one on the outside was broken; the left rear door would not open; the right side was up against the embankment; the vehicle was stuck in the ditch and it was necessary to use a wrecker to remove it.

The rule is well settled that the plaintiff has the burden of proving by a preponderance of the evidence, not only negligence on the part of defendant, but also that such negligence was a proximate cause of the injuries complained of. *Superior Forwarding Co.* v. *Garner,* 236 Ark. 340, 366 S.W. 2d 290; *Kapp* v. *Sullivan Chev. Co.,* 234 Ark. 395, 353 S.W. 2d 5.

Appellees testified that they were thrown forward when appellant's vehicle hit the rear of the car in which they were riding. Appellee Mildred Canady, who was sitting in the back seat, testified that she was thrown forward and hit her head against the "cross piece" that divides the two doors. Appellee Edith Clemons, sitting in the front seat, said she was thrown forward and under the dashboard. Mrs. Heaggan, the driver, testified that the impact threw her forward against the steering wheel. It is undisputed that the Heaggan car had come to a complete stop in the ditch before being struck from the rear, a "few seconds" later, by appellant's vehicle.

Appellees' version of their injuries is so contrary to established physical laws that no probative value can be attributed to it. It is well known, even among laymen, that when a parked automobile is hit from the rear, the passengers are thrown backward and not forward.

Of course, a reviewing court should not disregard testimony simply because it seems improbable, yet, we have said that where sworn testimony is unquestionably contrary to the laws of nature and science, we will declare as a matter of law that the testimony is insufficient to support a verdict. *Payne* v. *Cotner,* 148 Ark. 401, 230 S.W. 275; *Magnolia Petroleum Co.* v. *Saunders,* 193 Ark. 1080, 104 S.W. 2d 1062. In *St. Louis Southwestern Ry. Co.* v. *Ellenwood,* 123 Ark. 428, 185 S.W. 768, the court succinctly stated the rule of law applicable in the case at bar:

> "Appellate courts take notice of the unquestioned laws of nature, of mathematics, of mechanics and of physics. So where there are undisputed facts shown in the evidence, and by applying to them the well known laws of nature, of mathematics and the like, it is demonstrated beyond controversy that the verdict is based upon what is untrue and what cannot be true, this court will declare as a matter of law that the testimony is not legally sufficient to warrant the verdict."

In the instant case, accepted laws of physics, as applied to the undisputed facts, irrefutably disprove appellees' testimony and demonstrate beyond a doubt that the verdict was erroneous. We cannot treat as substantial that which has no substance.

Furthermore, appellees' proof presents the inference that they were injured when the car in which they were passengers, traveling 45 to 50 miles per hour, went out of control, left the highway and ran into a ditch from

which it had to be pulled out by a wrecker. The doctor who treated appellees testified that being thrown forward could account for the injuries he diagnosed; that when a car slides and goes off the road at the speed and in the manner in which the Heaggan vehicle went out of control, then the passengers could be thrown forward and receive the same injuries that he found the appellees to have; and that an occupant of a car is thrown backward when the vehicle is struck from the rear. It was only by conjecture and speculation that a jury could have determined that appellant's negligence, if any, was the proximate cause of appellees' injuries.

It is not sufficient to show that the injuries suffered *might* have been caused when appellant's vehicle hit the rear of the Heaggan automobile. This causal connection between a plaintiff's damages and the defendant's negligence must be established by direct or circumstantial evidence, and it cannot be proved by conjecture or speculation. *Superior Forwarding Co.* v. *Garner*, 236 Ark. 340, 366 S.W. 2d 290; *Kapp* v. *Sullivan Chev. Co.*, 234 Ark. 395, 353 S.W. 2d 5; *Glidewell* v. *Arkhola Sand & Gravel Co.*, 212 Ark. 838, 208 S.W. 2d 4.

In *Henry H. Cross Co.* v. *Simmons*, 96 F. 2d 482 (8th Cir. 1938), a decision under Arkansas law, the court said:

> "To submit to a jury a choice of possibilities is but to permit the jury to conjecture or guess, and where the evidence presents no more than such choice it is not substantial, and where proven facts give equal support to each of two inconsistent inferences, neither of them can be said to be established by substantial evidence and judgment must go against the party upon whom rests the burden of sustaining one of the inferences as against the other."

Appellees' evidence as to the cause of their injuries

was opposed to accepted laws of physics, and further, appellees' proof failed to take the case out of the realm of conjecture. In view of this, we hold that there was no substantial evidence of proximate causation to make a question for the jury.

Reversed and dismissed.

JONES, J., dissents.