Thomas J. EVANS *v.* Connie WILSON

83-84                                    650 S.W.2d 569

Supreme Court of Arkansas
Opinion delivered May 16, 1983

*James E. Smedley,* for appellant.

*Butler, Hicky & Hicky, Ltd.,* by: *Phil Hicky* and *Preston G. Hicky,* for appellee.

GEORGE ROSE SMITH, Justice. This appeal comes to us as a tort case. Rule 29 (1) (o). On October 2, 1979, the plaintiff-appellant, while waiting to turn left at a traffic light, suffered a whiplash injury to his neck when his car was struck from behind by the appellee's car. In appealing from an $11,000 verdict and judgment in his favor, the plaintiff argues that the trial judge violated the collateral source rule by permitting the defendant to prove that as a result of his injuries the plaintiff had received specified disability payments from his employer and from insurance companies. We agree that the trial judge's action was wrong.

The plaintiff's doctors testified in effect that he sustained a serious and painful, though not permanent, injury, that he was necessarily hospitalized from October 4 to October 18, and that he was unable to work for about four and a half months. That proof is undisputed; the defendant offered no testimony contradicting the doctors' assertions.

Why then should the collateral source rule have been disregarded? The appellee argues that she pleaded malingering as an affirmative defense and was properly permitted to prove the plaintiff's disability income in support of that defense, with a cautionary instruction to the jury that the evidence was to be considered only with regard to the asserted malingering, not with regard to any reduction of the plaintiff's actual damages.

This argument does not have substantial support in the record. To begin with, the charge of malingering is not truly

an affirmative defense. It simply denies that the plaintiff was injured at all or as seriously as he contends, casting no affirmative burden of proof on the defendant. We may compare it to the now largely discredited defense of unavoidable accident, which we eventually realized to mean little more than that the defendant was not negligent. *Houston* v. *Adams,* 239 Ark. 346, 389 S.W.2d 872 (1965); AMI Civil 2d, 604 (1974).

There are unquestionably situations in which proof of a plaintiff's collateral income may be admissible for a particular purpose. We mention four such purposes: One, to rebut the plaintiff's testimony that he was compelled by financial necessity to return to work prematurely or to forego additional medical care. *Gladden* v. *P. Henderson & Co.,* 385 F.2d 480 (3d Cir. 1967); *Johnson* v. *Reed,* 464 S.W.2d 689 (Tex. Civ. App. 1971). Two, to show that the plaintiff had attributed his condition to some other cause, such as sickness. *Stanziale* v. *Musick,* 370 S.W.2d 261 (Mo. 1963); *Burrous* v. *American Airlines,* 639 S.W.2d 263 (Mo. App. 1982). Three, to impeach the plaintiff's testimony that he had paid his medical expenses himself. *Fahler* v. *Freeman,* 241 N.E.2d 394 (Ind. App. 1968). And four, to show that the plaintiff had actually continued to work instead of being out of work, as he claimed. *Bookbinder* v. *Rotondo,* 285 A.2d 387 (R.I. 1972).

No comparable situation is shown by the appellee. For the most part she merely asserts that the plaintiff's complaint exaggerated his injuries and property damage, a commonplace occurrence having nothing to do with the collateral source rule. She does have support in the record for arguing that the plaintiff said at the scene of the accident that he didn't think he needed to go to a doctor, that he did not see a doctor until two days later, when he tried to resume work and was not able to do so, and that he consulted an attorney 24 days after the accident (during which he had been in the hospital for two weeks). All those matters were fully accounted for by the plaintiff's witnesses and were not left in doubt by any proof offered by the defense. The trial judge abused his discretion in failing to hold that what slight probative value the testimony in question may have

had was outweighed by the prejudicial effect of proof that the plaintiff had received substantial income from outside sources. Uniform Evidence Rule 403, Ark. Stat. Ann. § 28-1001 (Repl. 1979).

Reversed and remanded for a new trial.