Ralph KUBIK *v.* Joe W. IGLEHEART

83-91                    657 S.W.2d 545

Supreme Court of Arkansas
Opinion delivered September 26, 1983

*Laser, Sharp, Haley, Young & Huckabay,* by: *Ralph R. Wilson,* for appellant.

*Gardner & Steinsiek,* by: *Charles J. Gardner,* for appellee.

ROBERT H. DUDLEY, Justice. The issue in this tort suit is whether an instruction on comparative negligence was properly refused by the trial court. The appellee, plaintiff below, was operating his motorboat in close proximity to appellant's boat dock on Lake Norfork. Appellee testified that he was running the boat in a prudent manner when the appellant shot him. To the contrary, appellant's testimony was that the appellee was driving the boat at a fast speed which caused wakes or waves that could cause progressive damage to his dock and that such conduct on the part of the appellee caused him to fire a warning shot which inadvertently struck the appellee in the head. Appellant argues that he was entitled to an instruction on comparative negligence because (1) violation of a safety statute is some evidence of negligence and (2) his testimony was substantial evidence that appellee violated the following statutes:

(a) No one shall operate a motorboat in a reckless manner so as to endanger the property of another person. Ark. Stat. Ann. § 21-229 (a) (Repl. 1968).
(b) No one shall operate a motorboat so as to create a hazardous wash or wake. Ark. Stat. Ann. § 21-232 (d) (Repl. 1968).
(c) No one shall operate a motorboat at more than five miles per hour within 100 feet of a designated area or dock. Ark. Stat. Ann. § 21-232 (e) (Repl. 1968).

The trial court refused to give appellant's requested instruction on comparative negligence. We affirm. Jurisdiction is properly in this Court. Rule 29 (1) (o).

The trial court was correct because, even though plaintiff's action may have been negligent, that negligence was not the proximate cause of his damages. The fault sought to be compared must be a proximate cause of the damages sustained by a party. Ark. Stat. Ann. § 27-1763

(Repl. 1979). In Arkansas proximate cause is defined in terms of direct causation. H. Woods, *The Negligence Case — Comparative Fault,* § 5:4, at 108 (1978); Prosser, *Law of Torts,* § 43, at 264 (4th ed. 1971). Proximate cause is a cause which "in a natural and continuous sequence, produces damage." AMI 501; *Collier* v. *Citizens Coach Co.,* 231 Ark. 489, 330 S.W.2d 74 (1959). In his book Judge Woods gives the following example of lack of causal negligence: "Assume that D entrusts his car to A, who is almost blind. A has an accident, but his blindness played no part in it. Simple causation is here lacking. Woods, *supra,* at 92.

Testing the case at bar by our definition, it is apparent that, even assuming all of appellant's testimony to be true, appellee's negligent operation of the boat would not present an issue for the jury, since the act did not lead in a natural and continuous sequence, unbroken by any efficient intervening cause, to the appellant's intentional act of firing the shotgun which caused the damages. *See Hartsock* v. *Forsgren Inc.,* 236 Ark. 167, 365 S.W.2d 117 (1963).

Affirmed.