Sarah CRAGAR *v.* Mrs. Cecil JONES

83-141                                    660 S.W.2d 168

Supreme Court of Arkansas
Opinion delivered November 14, 1983

*Gordon & Gordon, P.A.,* for appellant.

*Laser, Sharp & Huckabay, P.A.,* for appellee.

DARRELL HICKMAN, Justice. In this case we are presented with a classic case of lack of proximate causation. On

January 29, 1979, Mrs. Cecil Jones' automobile crossed the center line of the highway and collided with the truck driven by Sarah Cragar, the appellant. Admittedly Jones' negligence caused the occurrence and admittedly Sarah Cragar was not hurt in the collision. Apparently, at Mrs. Jones' suggestion, Cragar got out of her vehicle and walked up to Jerry Jones' home. As she was walking on the sidewalk she slipped and fell on ice, sustaining injuries. She sued Mrs. Jones for those personal injuries and for property damage to her truck. The trial judge granted Mrs. Jones' motion for summary judgment as to the claim for personal injuries. The summary judgment was granted purely on the pleadings and the legal issue of proximate causation: Did the negligence of Jones in driving her automobile cause the injuries sustained in the slip and fall? The trial judge held that there was no proximate causation and we agree.

Before an act can be the proximate cause of an injury the injury must be the probable and natural consequence of that act. *Kubik* v. *Igleheart*, 280 Ark. 310, 657 S.W.2d 545 (1983); *Ben M. Hogan & Co. v.* Krug, 234 Ark. 280, 351 S.W.2d 451 (1961). There was no issue for the jury presented since Mrs. Jones' original negligence did not lead in natural sequence, without an intervening cause, to Cragar's injuries. *Kubik* v. *Igleheart, supra.* It was not argued that it was a negligent act of Jones to suggest Cragar walk to the Jones home. It was argued that it was a jury question whether the original negligent conduct caused the ultimate injury.

Although proximate causation is usually a question for the jury, where reasonable minds cannot differ a question of law is presented for determination by the court. *See Keck* v. *American Employment Agency, Inc.,* 279 Ark. 294, 652 S.W.2d 2 (1983); W. Prosser, *The Law of Torts,* § 45 (4th ed. 1971).

Affirmed.

ADKISSON, C.J., and PURTLE, J., dissent.

JOHN I. PURTLE, Justice, dissenting. Just who possesses a reasonable mind seems subject to debate. I feel I have a

reasonable mind, and if so, then proximate cause was a matter for the jury to decide in this case. In quoting Prosser on torts we stated in *Keck* v. *American Employment Agency, Inc.*, 279 Ark. 294, 652 S.W.2d 2 (1983) that a jury question would be presented, "In any case where there might be reasonable difference of opinions as to the foreseeability of a particular risk, the reasonableness of the defendant's conduct with regard to it, or the normal character of an intervening cause." I also believe appellant's attorneys have reasonable minds. Nevertheless the majority holds that we are not of reasonable minds. I disagree. I would reverse and remand for the purpose of allowing a jury to determine whether the injuries of the appellant were proximately caused by the appellee's negligence.