Connie WILSON *v*. Thomas J. EVANS

84-170                                    679 S.W.2d 205

Supreme Court of Arkansas
Opinion delivered November 19, 1984

*Butler, Hicky & Routon, Ltd.*, by: *Preston G. Hicky*, for appellant.

*B. Michael Easley*, by: *James Smedley*, for appellee.

WEBB HUBBELL, Chief Justice. This personal injury case involves two automobile accidents. On October 2, 1979, appellant, Connie Wilson, struck the rear of the vehicle of Thomas J. Evans, appellee. Over five months later, appellee ran into the back of a third party's vehicle. Appellee contends that the second accident was a result of a black out spell caused by his first accident. This is the second appeal in this case which was reversed and remanded on different issues. *Evans* v. *Wilson*, 279 Ark. 224, 650 S.W.2d 569 (1983). After reversal, a verdict and judgment of $35,000.00 was awarded Mr. Evans. On appeal, appellant argues that the second accident was not proximately caused by appellant's acts and that proof of damages sustained in the second accident should not have been presented. We agree and reverse and remand for a new trial.

Proximate cause is defined in terms of direct causa-

tion. *Kubik* v. *Iglehart,* 280 Ark. 310, 657 S.W.2d 545 (1983). Proximate cause is that cause which "in a natural and continuous sequence, produces damage." AMI 501; *Bull* v. *Manning,* 245 Ark. 552, 433 S.W.2d 145 (1968); *Ben M. Hogan & Co.* v. *Krug,* 234 Ark. 280, 351 S.W.2d 451 (1961).

In this case, over five months had elapsed between the first accident and Mr. Evans' second accident. Less than a month before the second accident, Mr. Evans had consulted a physician for vertigo and blacking out, yet he continued to drive his automobile knowing he was subject to spells of dizziness and blacking out.

There was no issue for the jury presented since appellant's acts did not lead in natural sequence without an intervening cause to appellee's injuries suffered in the second accident. Although proximate causation is usually a question for the jury, where reasonable minds cannot differ a question of law is presented for determination by the court. *Cragar* v. *Jones,* 280 Ark. 549, 660 S.W.2d 168; *Keck* v. *American Employment Agency, Inc.,* 279 Ark. 294, 652 S.W.2d 2 (1983).

Reversed and remanded.

SMITH, J., concurs.

GEORGE ROSE SMITH, Justice, concurring. I agree that testimony about the second accident was not admissible, the element of proximate cause being absent. According to the plaintiff's proof, the first accident caused him to have spells of blacking out. That susceptibility was an injury for which he was entitled to be compensated according to its "nature, extent, and duration." AMI Civil 2d, 2202 (1974). He could prove to what extent the injury affected him, including any impaired ability to drive a car with safety, but specific instances such as the occurrence of the second accident should have been excluded.