Jacqueline WALLACE *v.* Frank BROYLES

97-170                                                  961 S.W.2d 712

Supreme Court of Arkansas
Opinion delivered March 5, 1998

190

Joey McCutcheon, Gary L. Richardson and Chad R. Richardson, for appellants.

Jeffrey A. Bell and Woody Bassett, III, for appellee J. Frank Broyles.

Jeffrey A. Bell, for appellee Dean Webber.

Davis, Cox & Wright, P.L.C. , by: Walter Cox, Jeffrey A. Bell and Woody Bassett, III, and Winston Bryant, Att'y Gen., by: Angela S. Jegley, Asst. Att'y Gen., for appellees James Woody Woodell and Harp's Food Stores, Inc.

Davis, Cox & Wright, P.L.C. , by: Walter Cox and Constance G. Clark, for appellees, Dr. John P. Park, Dr. Tom Philip Coker, Dr. Tom Patrick Coker, Dr. Walter "Duke" Harris, and Ozark Orthopaedic Sports Medicine Clinic, Ltd.

PER CURIAM. Frank Broyles, Dean Weber, James "Woody" Woodell, Harp's Food Stores, Inc., Dr. John P. Park, Dr. Tom Philip Coker, Dr. Tom Patrick Coker, Dr. Walter "Duke" Harris, and Ozark Orthopaedic Sports Medicine Clinic, Ltd., petition for rehearing. They contend that we erred in our statement that the wrong standard was applied by the trial court in granting their

motion for summary judgment. We disagree and deny the petition.

The argument is that we have, in prior summary-judgment appeals, used the very terminology used by the trial court here, *i.e.*, whether "reasonable minds" could differ as to a factual conclusion to be reached. The petitioners set forth the following five of our earlier decisions in support of their point.

■ In *Thomas v. Sessions,* 307 Ark. 203, 818 S.W.2d 940 (1991), we reversed a summary judgment in a wrongful-death case after pointing out that the potential evidence shown by discovery responses was in conflict. Although we spoke of "weighing" the proof, we wrote:

> Some courts apply the "scintilla of evidence" rule which requires a court considering summary judgment to admit the truthfulness of *all evidence* favorable to the nonmovant, thereby removing all issues of credibility from the case, and determine if there are any facts from which a jury could reasonably infer ultimate facts upon which a claim depends; if so, the case must be decided by the factfinder. *Schoen v. Gulledge,* 481 So.2d 1094 (S.Ct.Ala. 1985). Our own rule is similar:
>
> > The object of summary judgment proceedings is not to try the issues, but to determine if there are any issues to be tried, and if there is any doubt whatsoever, the motion should be denied.
>
> *Rowland v. Gastroenterology Assoc., P.A.,* 280 Ark. 278, 657 S.W.2d 536 (1983).

In a subsequent paragraph we stated, "We have said that summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ." Although we thus used the term "reasonable minds," the context makes it clear that we were concerned with that part of Ark. R. Civ. P. 56(c) which entitles a moving party to a summary judgment if "there is no genuine issue as to any material fact and that the moving party is *entitled to a judgment as a matter of law*." Although facts may not be in dispute, they may result in differing conclusions as to whether the moving party is

entitled to judgment as a matter of law. We say again that, in such an instance, summary judgment is inappropriate.

■ *Cox v. McLaughlin,* 315 Ark. 338, 867 S.W.2d 460 (1993), is another case in which we reversed a summary judgment. We wrote:

> The standard of review in these cases is well settled. Summary judgment should be granted only when it is clear that there are no genuine issues of material fact to be resolved. If there is any doubt as to whether there are issues to be tried, the motion should be denied. In this case the defendants, as the moving parties, bore the burden of showing that there were no genuine issues of material fact. Plaintiff is entitled to have all doubts and inferences resolved in his favor, and summary judgment is not proper if reasonable minds could reach different conclusions when given the facts. *Tullock v. Eck,* 311 Ark. 564, 785 S.W.2d 31 (1993)."

Again, we used the "reasonable minds" language but it was in combination with our concern with whether, although there might be no dispute as to underlying facts, different conclusions could be reached. Summary judgment was inappropriate.

■ *Tyson Foods, Inc. v. Adams,* 326 Ark. 300, 930 S.W.2d 374 (1996), was a legal malpractice action in which a summary judgment was granted in favor of the defendant-attorney. The summary judgment was premised on the fact that, although the attorney had been negligent, the damages claimed by the plaintiff resulted from events which were not proximately caused by the defendant's negligence. In other words, the plaintiff had failed to produce evidence on an element of its claim. We wrote:

> Tyson [the plaintiff] questions the determination of proximate [cause] by means of summary judgment. Summary judgment is to be granted by a trial court when it is clear that there is no genuine issue of material fact to be litigated, and, on appellate review, the appellate court determines if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material question of fact unanswered. *Knowlton v. Ward,* 318 Ark. 867, 889 S.W.2d 721 (1994). While the question of proximate cause is usually a question for the jury, when the

> evidence is such that reasonable minds cannot differ, the issue becomes a question of law to be determined by the trial court. *Skinner v. R.J. Griffin & Co.,* 313 Ark. 430, 855 S.W.2d 913 (1993). The granting of summary judgment can be appropriate in a legal malpractice suit. [Citation omitted.] Here, there was no question of material fact to be determined, and the evidence was such that reasonable minds could not differ about proximate cause. Thus, the trial court correctly granted summary judgment.

Obviously we did not mean, by the reference to "reasonable minds," that the evidence was in a state to be weighed and we were doing so. Rather, we held the plaintiff's case was lacking in the element of proximate causation. There was no possibility of varying conclusions and no remaining issue of fact because of the lack of evidence of proximate causation. In *Cragar v. Jones,* 280 Ark. 549, 660 S.W.2d 168 (1983), a divided court reached a similar result on the ground that the plaintiff had presented no evidence of proximate causation.

▪ The final Arkansas case cited by the petitioners is *Union Pac. R.R. Co. v. Sharp,* 330 Ark. 174, 952 S.W.2d 658 (1997). That was a case in which the issue was whether a verdict should have been directed in favor of the defendant after the evidence had been produced at the trial. It was not a summary-judgment case. We wrote, correctly, that "proximate causation becomes a question of law only if reasonable minds could not differ." In the directed-verdict context we are, as is the trial court, in a position to make that call even though there may be some conflicting evidence.

Also cited by the petitioners is *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), in which the Supreme Court stated that the summary-judgment standard "mirrors the standard for a directed verdict." That statement was repeated by the Supreme Court, although it was not the basis of the holding, in *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986), a case we have cited often for other language concerning summary-judgment law but not for the "mirror" concept.

▪ If it has not been clear heretofore, we hope this opinion clarifies that, although we follow federal courts' interpretation of

the parallel rule, F.R.C.P. 56(c) when possible for the sake of uniformity, we have never gone so far as to say, much less hold, that we will make a "sufficiency of the evidence" determination when a summary-judgment motion is at issue. We regard that directed-verdict standard, used in ruling on motions made pursuant to Ark. R. Civ. P. 50, as being somewhat different from the summary-judgment standard.

■ We have ceased referring to summary judgment as "drastic" remedy. We now regard it simply as one of the tools in a trial court's efficiency arsenal; however, we only approve the granting of the motion when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file is such that the nonmoving party is not entitled to a day in court, *i.e.,* when there is not any genuine remaining issue of material fact and the moving party is entitled to judgment as a matter of law.

■ Petition denied.